DowNey, Judge,
delivered the opinion of the court:
The facts are stipulated and the findings, at the request of both parties, substantially follow the stipulation.
The question is whether a tax, conceded to have been properly imposed on the transfer to voting trustees of 534,849 shares of the common stock of the plaintiff corporation, should properly have been imposed on the basis of $100 par value per share, which was done, or on a par value of $1 per share. The tax as imposed and paid amounted to $10,696.98. It is stipulated that if properly to be imposed on the basis of $1 par value per share the tax would have amounted to $465.06, although the basis for such a conclusion is not apparent and is not shown.
A theory of fact upon which the case is argued on both sides and apparently accepted as correct is not covered by the stipulation, limited to what it says. It is not aided by any evidence.
*489 The contention that the tax should have been on a basis of $1 par value per share instead of $100 as written in the stock certificates is predicated on action had on April 11, 1921, said to have been pursuant to the laws of the State of Ohio, wihereby “the common capital stock of the plaintiff corporation was reduced from $100,000,000 to $1,000,000 by the reduction of,the par value of each share of stock from $100 to $1. No new certificates were issued for the stock which was outstanding.”
A reorganization agreement was entered into as of February 1, 1921, pursuant to -which a reorganization was had on May 21, 1921, the reorganization providing for the issuance of 1,500,000 shares of nonpar common stock in lieu of the outstanding common stock, the nonpar stock to be issued share for-share to the holders of the old stock. It is said that the holders of the old common stock “assigned their stock to certain voting trustees and deposited the certificates for such common stock duly indorsed for transfer with the Union Trust Co. of Cleveland, Ohio, as agent for said voting trustees,” this being the transaction which gave rise to the assessment of the tax in question.
The stipulation recites that “ during the period from May 23, 1921, until June 16, 1922, 534,849 shares of the nonpar stock of the reorganized corporation were issued in place of the outstanding shares of common par stock as provided in said certificate of reorganization in the following manner,” reciting the procedure under the reorganization agreement of February 1, 1921, of which the assignment and deposit of the old certificates was a part.
The issuance of the new nonpar stock said to have begun May 23, 1921, was necessarily subsequent to the reorganization of May 21, which authorized the issuance, but the assignments of the old $100 par stock to the voting trustees, provided for in the reorganization agreement of February 21, are not shown to have been either in whole or in part subsequent to April 11, 1921, when the action was had reducing the par value.
However, these assignments are treated by both parties in argument as if made subsequent to April 11, 1921, and we therefore do not hang the case solely on the failure to *490 cover the possible fact in the stipulation, but consider it also on the theory on which presented.
Having outstanding certificates evidencing the ownership of shares of the capital stock of the plaintiff corporation which upon their face fixed their face or par value at $100 each, could action such as that had on April 11, 1921, reducing the par value of shares of stock but leaving the $100 par-value certificates outstanding, serve to change the face or par value thereof for the purpose of a tax imposed upon their assignment and delivery? We think not.
It is, of course, true that one may subscribe to the capital stock of a corporation and become the owner of shares thereof even though no certificates be issued, and that transfers of ownership under proper provision in the articles of incorporation or by-laws may be evidenced solely by the books of the corporation. The ownership is sometimes said to be of shares of the capital stock of which the certificates are merely the evidence.
But in this case there were no outstanding certificates reciting the face or par value thereof, and no steps were taken toward calling them or substituting therefor certificates of the lesser face value. They were left outstanding, to be dealt in and dealt with as is usual with such certificates. Under the circumstances the case would seem to turn upon determination of the question as to what ivas taxed.
The Commissioner of Internal Revenue levied the tax upon the “ Transfer of 534,849 shares of old Com. $100 par value stock to voting trustees at 2 cents per share.”
The certificates evidencing the ownership of this stock were assigned to voting trustees, and after being “ duly indorsed for transfer ” were delivered to the agent of said trustees. The assignment of the certificates was the adopted method, regarded no doubt as necessary, for it is the prescribed method where certificates of stock are issued.
The revenue act of 1918, section 1100, Schedule A, paragraph 4 (40 Stat. 1135), which provisions are also found in the act of 1921, covers a wide field, but the language apparently applicable here is that which taxes “transfers of legal title to shares or certificates of stock ” and fixed the tax at 2 cents “ on each $100 of face value or fraction thereof.”
*491 The law, the transaction as had, and the assessment seem to dovetail rather conclusively and to preclude the idea that action had could serve to change the effect of the law construed and applied as such transactions ordinarily require.
How, in the face of the language of the statute, the amount stipulated as the correct tax, if the $1 par value was to apply, is arrived at we do not comprehend, but accept the stipulation and note that peculiarly, though transfer of the shares of nonpar stock issued under the reorganization would be taxed at 2 cents as were the $100 par value shares, the simple expedient of fixing during an interim a par value of $1. reduced the tax more than $10,000.
There is no suggestion of bad faith or improper motives on the part of the plaintiff, and we impute none; but since the possibilities of a construction are sometimes for consideration, it seems apparent that, under plaintiff’s theory, the action taken on April 11 served to materially reduce the tax on transfers which had been provided for by the agreement of February 1, when the certificates to be exchanged on reorganization for nonpar certificates were yet unquestionably of the face and par value of $100. Very possibly there may be a satisfactory explanation, not brought into the record, as to why, pending the reorganization agreement, the action of April 11 was had, but the possibilities must weigh in construing such a transaction.
We are of the opinion that the tax was properly assessed, and therefore the plaintiff may not recover.
GuahaM, Judge; Hay, Judge; Booth, Judge; and Cami>-BEnn, Chief Justice, concur.